IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:24-cv-02251-RMR

OUTSIDE INTERACTIVE, INC., a Delaware Limited Liability Company,

    Plaintiff,

v.

JOSHUA BOLIN, an individual, and
WESTLAKE SECURITIES, LLC, a Texas Limited Liability Company,

    Defendants.

## WESTLAKE SECURITIES, LLC'S RULE 12(b)(6) MOTION TO DISMISS

Defendant Westlake Securities, LLC ("Westlake"), through its undersigned attorneys, states as follows for its Rule 12(b)(6) Motion to Dismiss:

### CERTIFICATE OF CONFERRAL

Pursuant to Civ. Practice Standard 7.1B, undersigned counsel conferred with Plaintiff's counsel concerning the relief requested in this Motion. This Motion is opposed.

### INTRODUCTION

In this matter, Plaintiff Outside Interactive, Inc. seeks to hold Westlake liable for Defendant Joshua Bolin's alleged infringement of Plaintiff's trademark, and in doing so asserts one claim against Westlake for contributory trademark infringement. However, Plaintiff's claim against Westlake cannot proceed for two reasons. First, factual allegations supporting the contributory infringement claim are wholly absent from the Complaint, as Plaintiff does not assert facts that suggest Westlake: (1) intentionally induced Bolin to infringe on the trademark; or (2) exercised

any control over Bolin's means of infringement. Nor would any such fact actually exist, as Westlake had no control over Bolin's allegedly infringing website and was simply trying to broker a sale. Second, a contributory claim can only proceed in the presence of an underlying infringement, but Bolin did not infringe on Plaintiff's trademark by merely maintaining a website at www.outside.com. Accordingly, Westlake respectfully requests that this Court dismiss Plaintiff's contributory trademark infringement claim with prejudice.

## BACKGROUND

In this matter, Plaintiff alleges that Defendant Joshua Bolin inappropriately used Plaintiff's "Outside ®" trademark by, *inter alia*, maintaining a website at www.outside.com (the "Website"), misleading consumers that the Website is run by Plaintiff, and offering to sell the Website to Plaintiff for an "exorbitant price." (Complaint, ECF Doc. 1, at ¶¶ 1, 11, 20, 23-27). Plaintiff does not allege that Westlake owns or operates the Website. Instead, Plaintiff claims that Westlake contacted Plaintiff with a proposal to sell the Website. *Id.* at ¶ 19. Plaintiff asserts a claim against Westlake for contributory trademark infringement (Count IV). Plaintiff's other claims, for cybersquatting (Count I), trademark infringement (Count II), and unfair competition (Count III), are asserted against Bolin but not Westlake.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. F.R.C.P. 12(b)(6). A complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Mere

"labels and conclusions," a "formulaic recitation of the elements," and "naked assertions devoid of further factual enhancement" are insufficient. *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## ARGUMENT

### I.  Plaintiff Does not State a Claim for Contributory Trademark Infringement

Contributory trademark infringement occurs when a defendant "enables a third party to infringe on the mark while knowing or having reason to know that the third party is infringing, yet failing to take reasonable remedial measures." *In re HomeAdvisor, Inc. Litig.*, 491 F. Supp. 3d 879, 897 (D. Colo. 2020). To prevail on a contributory infringement claim, the plaintiff must demonstrate that the defendant (1) intentionally induced the primary infringer to infringe, or (2) "continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." *HomeAdvisor*, 491 F. Supp. at 897 (quoting *Perfect 10, Inc. v. Visa Int'l, Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007)).

On the former, inducement is "[t]he act or process of enticing or persuading another person to take a certain course of action." *See* Black's Law Dictionary (12th ed. 2024); *In re Native Am. Sys., Inc.*, 368 B.R. 75, 78 (Bankr. D. Colo. 2006) (inducement requires affirmative act). On the latter, when the alleged infringement concerns services rather than products, "the court must consider the extent of control exercised by the defendant over the third party's means of infringement," such as whether the plaintiff alleges the defendant exercised direct control over the infringer. *HomeAdvisor*, 491 F. Supp. 3d at 897 (internal citations and quotations omitted). "An allegation that a defendant merely provided the means to accomplish an infringing activity is

3

insufficient." *Viesti Associates, Inc. v. Pearson Educ., Inc.*, 12-cv-02240, 2013 WL 4052024, at *7 (D. Colo. Aug. 12, 2013) (analyzing analogous contributory copyright infringement).

This Court has dismissed contributory infringement claims based on a dearth of factual allegations. For example, in *Viesti*, the plaintiff owned copyrights to various photographs and sold limited licenses to the defendant. *Viesti*, 2013 WL 4052024, at *1. The defendant allegedly exceeded the licenses' permissible use by transmitting the photographs to other entities, who included the photographs in their publications without permission. *Id.* at *1. As such, the plaintiff asserted a claim for contributory copyright infringement against the defendant and alleged the defendant (1) had knowledge of the unauthorized use of the photos by third parties, and (2) enabled and induced the unauthorized use. *Id.* at *7.[1] The Court dismissed the Complaint because it failed to allege sufficient facts under *Iqbal* and instead relied on legal conclusions:

> Taking these allegations as true, the Court finds that the complaint does not state a plausible claim of contributory copyright infringement. Although the complaint alleges that [defendant] "enabled, induced, caused, facilitated, or materially contributed to the unauthorized use of the Photographs," these allegations are insufficient because they are nothing more than a recitation of one element of a contributory copyright infringement claim. There are no factual assertions describing how [defendant] enabled, induced, or facilitated the infringement of the photographs. Although the complaint states that [defendant] "transmitted" the photographs, simple transmission does not equate inducement because this element "premises liability on purposeful, culpable expression and conduct" that is shown by "affirmative steps taken to foster infringement." Therefore, without additional factual assertions, the Court cannot draw a reasonable inference that Pearson enabled, induced, or materially assisted the misconduct alleged. *Iqbal,* 556 U.S. at 678 . . . Without factual allegations describing instances of [defendant] encouraging or promoting third parties to infringe [plaintiff's] photographs, the complaint does not permit the Court to infer more than the mere possibility of [Plaintiff's] misconduct. However, allegations that are merely consistent with the possibility that Pearson is liable fail to state a plausible claim for relief.

---

[1] As relevant here, a claim for contributory copyright infringement, like contributory trademark infringement, requires plaintiffs to show that the defendant induced, caused, or materially contributed to the infringement. *Id.* at *7.

4

*Viesti*, 2013 WL 4052024, at *7 (internal citations and quotations omitted).

Similarly, in *HomeAdvisor*, the Court dismissed the complaint because it was "devoid of factual allegations purporting to show that [defendant] intentionally induced the alleged trademark infringement" and did not "sufficiently demonstrate a degree of control over the . . . domain by [defendant] so as to allege a contributory infringement theory." *Id.* at 897.

The circumstances under which contributory liability is found are markedly different. In *MacAlmon Music, LLC v. Maurice Sklar Ministries, Inc.*, 13-cv-02471, 2015 WL 794328 (D. Colo. Feb. 4, 2015), the plaintiff owned copyrights to certain piano recordings. The defendants recorded themselves playing violin over/alongside the existing piano performance in the recordings, and sold approximately 2,000 CDs of the overdub. *Id.* at *2-3. The Court granted the plaintiff summary judgment on their contributory infringement claim because the evidence showed that the defendants created and distributed the overdub, and therefore personally contributed to the copyright infringement. *Id.* at *4.

Here, Plaintiff does not allege facts to support a contributory trademark claim against Westlake. The well-pled factual allegations assert that Westlake (1) contacted Plaintiff with a proposal to sell the Website's domain to Plaintiff; (2) stated in further communications that the Website would take traffic from Plaintiff; and (3) offered to sell the Website for between $15 and $25 million. (Complaint at ¶¶ 19-25). Plaintiff then goes on to allege in Count IV that Westlake (a) facilitated and materially contributed to Bolin's unauthorized use "in connection with the sale, offering, marketing, and advertising of services which are identical to the services offered by [Plaintiff];" (b) had actual knowledge of Bolin's activities and enabled said activities; (c)

intentionally induced or encouraged Bolin to infringe; and (d) "has made and will continue to make substantial profits from the infringing use of the OUTSIDE® Marks." (Complaint at ¶¶ 59-63).

Allegations (a)-(d) are merely a formulaic recitation of the elements of a contributory trademark infringement claim that, without supporting factual allegations, are insufficient to state a claim. *See Ashcroft*, 556 U.S. at 678. Plaintiff's only factual allegations assert that Westlake attempted to broker a sale of the Website from Bolin to Plaintiff and that Westlake proposed an unreasonable purchase price. Plaintiff does not allege that Westlake owned the Website or had any control over the Website or Bolin. Indeed, Plaintiff alleges that Bolin acted on his own accord:

- "While Defendants continued to pitch to Outside, Outside discovered that in addition to *Bolin's* plan to commercialize the Infringing Domain Name by trying to sell it, *Bolin* had launched the Infringing Website." (Complaint, ¶ 19) (emphasis added).

- "[I]n a gesture of defiance at the suggestion that extortion and unfair competition might be illegal, in or around the first week of August, 2024, *Bolin* updated the content of the Infringing Website. (Complaint, ¶ 27) (emphasis added).

The Complaint is devoid of facts suggesting that Westlake induced Bolin to launch the Website or include infringing marks on the Website. Similarly, there are no factual allegations that Westlake took any act to persuade Bolin to infringe on the trademark. And there are no factual allegations that Westlake created, owned, or designed the Website, or that Westlake exerted any control over the Website. While Plaintiff complains that Westlake engaged in high-pressure sales techniques, assertive negotiation does not amount to the inducement or control necessary to prevail on a contributory trademark infringement claim.

In its Response to this Motion, Plaintiff will presumably reference the *ex parte* Temporary Restraining Order this Court entered on August 16, 2024 (the "TRO"). (*See* ECF Doc. 10). However, the TRO does not control here for at least three reasons.

First, rulings on temporary restraining orders and preliminary injunctions "do not establish the law of the case." *DTC Energy Grp., Inc. v. Hirschfeld*, 17-cv-01718-PAB-KLM, 2020 WL 1333090, at *4 (D. Colo. Mar. 23, 2020) ("[F]indings of fact and conclusions of law made by a Court granting or denying a preliminary injunction are generally not entitled to law of the case status" (quoting *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). As such, the Court's grant of the TRO is not binding on whether Plaintiff has adequately stated a claim under Rule 12(b)(6). Second, in moving for the TRO, Plaintiff did not rely on the allegations of its Complaint, and instead filed a substantive motion that relied on a variety of exhibits, including two declarations. (*See* ECF Docs. 2, p. 22; 2-2; 2-3). The Motion and the declarations were not attached to or incorporated in the Complaint, and consequently cannot be considered on a motion to dismiss. *Cuervo v. Sorenson*, 112 F.4th 1307, 1312 (10th Cir. 2024). And third, as Plaintiff moved for the TRO and the TRO was issued *ex parte* before Westlake was served, Westlake did not have an opportunity to respond. (*See* ECF Docs. 2, 10, 19-1).

Ultimately, Plaintiff's allegations here are the type of conclusory statements that the *Viesti* and *HomeAdvisor* courts found failed to state a claim under *Iqbal*, and are a far cry from the conduct in *MacAlmon* that resulted in a finding of contributory infringement. Accordingly, Count IV should be dismissed and Westlake should be removed as a defendant.

## II.  The Address Outside.com Does not Infringe on Plaintiff's Trademark

A contributory trademark infringement claim must be predicated on a direct and actionable infringement by a third party. *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1249 (10th Cir. 2013). Here, Plaintiff's contributory claim against Westlake largely rests on the notion that Bolin violated Plaintiff's trademark through maintaining a website with an address of

7

www.outside.com. Plaintiff, for example, refers to www.outside.com as the "Infringing Domain Name" in its Complaint. (*See* Complaint at ¶¶ 1, 2, 5, 17, 19, 20, 21, 23, 31, 32, 33, 59, 61). Plaintiff also complains about Bolin's use of www.outside.com. (*See* Complaint at ¶¶ 31, 41).

The flaw in Plaintiff's argument is that website addresses broadly do not infringe on trademarks:

> Out of the millions of domain names, probably only a small percentage also play the role of a trademark or service mark. . . .
>
> The baseline association the public has with a domain name is to use it to identify an address on the Internet, an identifier somewhat analogous to a telephone number. . . . It is thus normally difficult for a plaintiff to show that, beyond serving this logistical location-identifying function, the domain name is also "used to identify and to distinguish goods or services.

*Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1059 (10th Cir. 2021) (internal citations and quotations omitted). To that end, attempts to trademark web addresses are met with skepticism. For example, courts have rebuffed efforts to trademark mattress.com, hotels.com, and lawyers.com. *See In re 1800Mattress.com IP, LLC*, 586 F.3d 1359, 1363-64 (Fed. Cir. 2009); *In re Hotels.com, L.P.*, 573 F.3d 1300, 1304 (Fed. Cir. 2009); *In re Reed Elsevier Properties Inc.*, 482 F.3d 1376, 1379-80 (Fed. Cir. 2007).

Here, Plaintiff does not appear to claim it has a trademark on the address at issue here, www.outside.com, but nevertheless claims that Bolin's use of the address in and of itself violates Plaintiff's trademark. However, the address is merely an "identifier somewhat analogous to a telephone number" so Bolin could not have infringed on Plaintiff's trademark by the use of www.outside.com alone. Accordingly, Plaintiff's contributory infringement claim against Westlake should be dismissed to the extent it relies on the mere use of the address.

## CONCLUSION

For the reasons stated above, Defendant Westlake Securities, LLC respectfully requests that the Court dismiss Count IV of the Complaint with prejudice and provide any further and additional relief as the Court deems appropriate.

Dated: October 3, 2024

By:    /s Robert S. Hunger
       Miro Kovacevic, Esq.
       Rob Hunger, Esq.
       Alexandra Feathers, Esq.
       Goodspeed Merrill
       9605 S. Kingston Ct., Ste. 200
       Englewood, Colorado 80112
       Telephone: (720) 473-7644
       mk@goodspeedmerrill.com
       rhunger@goodspeedmerrill.com
       afeathers@goodspeedmerrill.com
       *Attorneys for Defendant Westlake Securities, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2024, I electronically filed the foregoing Rule 12(b)(6) Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of same to the following email addresses:

carolyn@nodiplaw.com
eml@msk.com
afn@msk.com

                                    s/ Robert S. Hunger
                                    Robert S. Hunger