IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02251-RMR

Outside Interactive, Inc.,
    Plaintiff,
v.

Joshua Bolin, *et al.*
    Defendants.

---

**DEFENDANT BOLIN'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P. 12(b)(2)**

---

Defendant Joshua Bolin ("Bolin") moves under Rule 12(b)(2) to dismiss this action brought by Plaintiff Outside Interactive, Inc. ("Plaintiff" or "Outside Interactive") for lack of personal jurisdiction.

Although the duty to confer under D.C.COLO.L.CivR 7.1(b) does not apply to a motion brought under Fed. R. Civ. P. 12; counsel for Plaintiff was informed of the basis for this motion pursuant to Civ. Practice Standard 7.1B. Plaintiff will oppose the motion.

## I.  INTRODUCTION

Outside Interactive is a Colorado entity, but there is no personal jurisdiction over Bolin for this domain name dispute because:

- Domain names are considered to be in the jurisdiction of their registrar—and GoDaddy, the registrar for the <*outside.com*> domain at issue in this case, is in Arizona;

1

- Bolin is a resident of Texas who did not purposefully direct any activities at Colorado and has not purposely availed himself of the privilege of conducting activities in Colorado;

- Communications with Plaintiff Outside Interactive do not establish minimum contacts for personal jurisdiction in Colorado.

There is no personal jurisdiction over Bolin in Colorado because his only connection with Colorado is that Plaintiff is a Colorado entity—which is not enough.

## II.    BACKGROUND

Bolin addressed the same facts and issues in his OSC Response [ECF 15] filed on August 21, 2024, which remains pending before the Court.

### A.    Plaintiff Outside Interactive

Plaintiff Outside Interactive is a Colorado company that has published a national magazine called "Outside" since 1976. [ECF 1] at ¶ 11. But Plaintiff has never owned the <outside.com> domain name.

### B.    The <Outside.com> Domain and Defendant Bolin

The <outside.com> domain name was registered decades ago by a third party back in February 1993. Ex. 1. The registrar for the <outside.com> domain is GoDaddy, an Arizona company. Ex. 2. The Court may take judicial notice of these facts.

Plantsborough, LLC, a Georgia company that is not named as a defendant in this action, acquired the <outside.com> domain name in June 2018. [ECF 15-1] (Bolin Decl. at ¶ 5). Plantsborough started developing an e-commerce business using the <outside.com> domain in 2020. [ECF 15-1] (Bolin Dec. at ¶¶ 6–7).

Between September and December 2023, Bolin received several unsolicited offers to purchase the <*outside.com*> domain name from an unidentified third party who was using GoDaddy as the broker. [ECF 15-1] (Bolin Dec. at ¶ 16).

Believing that Plaintiff was the unidentified third party, which Plaintiff presently denies, Bolin had his investment banker, David Hill from Westlake Securities, a Texas entity, make an inquiry to Plaintiff. [ECF 15-1] (Bolin Dec. at ¶ 24).

During subsequent negotiations between May and July 2024, Plaintiff offered $1 million in stock to Bolin for the <*outside.com*> domain name. [ECF 15-1] (Bolin Dec. at ¶ 25). Bolin declined their offer. *Id.*

Bolin believed that a $15 million to $25 million sales price was justified based on comparative sales of domain names to large retailers. [ECF 15-1] (Bolin Dec. at ¶ 27). Also, there would be significant switching costs including having to purchase a new, less desirable, domain name for millions of dollars on the open market to replace the <*outside.com*> domain name that he already was using to build his business. [ECF 15-1] (Bolin Dec. at ¶ 28). Bolin neither stated nor suggested that he intended the <*outside.com*> website to cause confusion with Plaintiff Outside Interactive. [ECF 15-1] (Bolin Dec. at ¶¶ 29–30).

### C.    The Present Litigation

Bolin previously filed an OSC Response [ECF 15] that argued lack of personal jurisdiction, to which Plaintiff filed a Reply [ECF 17]. That briefing remains pending before this Court.

Bolin now files this motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.

### III. LEGAL STANDARDS

Motions to dismiss under Rule 12(b)(2) test the plaintiff's theory of personal jurisdiction as well as the facts supporting personal jurisdiction. See *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999) (determining "whether the defendant in fact subjected itself to the court's jurisdiction").

Plaintiff bears the burden of establishing personal jurisdiction. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

In addition to documents attached to the pleadings or incorporated by reference, the Court may take judicial notice of matters generally known or not subject to reasonable dispute, without converting a motion to dismiss into a motion for summary judgment. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000); see also *von Kaenel v. Armstrong Teasdale, LLP*, 943 F.3d 1139, 1143 (8th Cir. 2019) (noting that a court may consider matters incorporated by reference or integral to the claim).

The Court also may consider matters outside of the pleadings for a Rule 12(b)(2) motion without being converted into a motion for summary judgment. *See Structural Preservation Systems, LLC v. Andrews*, 931 F. Supp. 2d 667, 671 (D. Md. 2013) ("Under either Rule 12(b)(2) or (3), the court is permitted to consider evidence outside the pleadings in resolving the motion.").

4

## IV.   ARGUMENT

The focus of personal jurisdiction is the defendant's relationship to the forum state. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779–80 (2017); *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (personal jurisdiction must arise out of contacts that the "defendant *himself*" creates with the forum state (emphasis in original) (citation omitted)).

There are two types of personal jurisdiction: "general" and "specific." *Bristol-Myers Squibb*, 137 S. Ct. at 1779–80.

### A.   No General Personal Jurisdiction

General jurisdiction only exists where a defendant can fairly be considered at home, such as a domicile for individuals. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). Here, there is no basis for general jurisdiction in Colorado over Defendant Bolin who is an individual who resides in Texas. [ECF 1] at § 8.

### B.   No Specific Personal Jurisdiction

For specific jurisdiction, the suit must arise out of or relate to the defendant's contacts with the forum. *Bristol-Myers Squibb*, 137 S. Ct. at 1780;

The Tenth Circuit employs a two-step analysis.

At the first step, the court examines whether the non-resident defendant has "minimum contacts" with the forum state such "that he should reasonably anticipate being haled into court there." *TH Agric. & Nutrition, LLC v. Ace European Grp., Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007) (citations omitted). For the requisite minimum contacts, the plaintiff must establish: "(i) that the defendant must have 'purposefully

5

directed its activities at residents of the forum state,' and (ii) that 'the plaintiff's injuries must arise out of [the] defendant's forum-related activities.'" *Old Republic Ins. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (citation omitted).

Second, if the defendant has sufficient contacts, then the court asks whether "exercise of jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice'"; that is, whether the exercise of jurisdiction is "reasonable" under the circumstances of a given case. *Old Republic Ins.*, 877 F.3d at 904 (citations omitted).

Here, Plaintiff must establish that Bolin purposefully directed his activities at Colorado or performed some act by which he purposely availed himself of the privilege of conducting activities in Colorado. *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1080 (10th Cir. 1995) (finding no personal jurisdiction in Utah over Nevada defendants who negotiated with a Utah company regarding real property in Nevada).

*Far West* involved a lawsuit filed in Utah over Nevada real estate property owned by a Nevada defendant. *Far West*, 46 F.3d at 1073. Even though the parties had set up an escrow account in Utah in connection with this real estate contract over Nevada property, the Tenth Circuit held that "contacts surrounding the alleged torts, solicitation, telecommunications from defendants to Utah . . . do not establish minimum contacts." *Id.* at 1080. Noting that the focal point of this dispute was Nevada rather than Utah, the Tenth Circuit concluded that the Nevada defendant's actions were not "expressly aimed at" Utah. *Id.* To the contrary, there was "no indication that Utah had anything but a fortuitous role." *Id.*

6

This is analogous to the present case where a Texas defendant was negotiating with a Colorado plaintiff about a domain name in Arizona.[1] As in *Far West*, Colorado only had a fortuitous role here.

In *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1200 (Colo. 2005), the Colorado Supreme Court discussed and adopted the Tenth Circuit's reasoning in *Far West*. In *Archangel Diamond*, there was no personal jurisdiction notwithstanding numerous communications that defendant AGD [a Russian corporation] sent to the plaintiff in Colorado because "AGD's attenuated and fortuitous contacts, coupled with the remote nexus between AGD's Colorado contacts and this litigation [involving contracts over a Russian diamond deposit], fail to raise an inference of specific jurisdiction over AGD."

Plaintiff previously argued that *Archangel Diamond* is "easily distinguishable" because that case "concerned disputes over real property in Russia." [ECF 17] at 10. But the present case also concerns an out-of-state property, namely a domain name in Arizona. *See Mehdiyev v. Qatar Nat'l Tourism Council*, 532 F. Supp. 3d 1065, 1073 (D. Colo. 2021) (noting that a domain name was "property").

Plaintiff Outside Interactive also argued that "it had long-been a Colorado resident and Bolin's actions solely affect Outside in Colorado." [ECF 17] at 10. But the allegation that an out-of-state defendant caused economic injury to a forum resident does not establish that the defendant engaged in the constitutionally required minimum

---

[1] A domain name is considered to be located in the jurisdiction of its registrar. *See* 15 U.S.C. § 1125(d)(2)(A). Here, the registrar, GoDaddy, is located in Arizona.

7

contacts with the forum state. *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011) ("the plaintiff's residence in the forum, and suffering of harm there" will not by itself support jurisdiction); *Far West*, 46 F.3d at 1079 ("the mere allegation that an out-of-state defendant has tortiously interfered with contractual rights or has committed other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts"); *see also Job Store, Inc. v. Job Store of Loveland, Oh., LLC*, No. 15-cv-02228-PAB-KLM, 2016 WL 9735786, at *6 (D. Colo. Sept. 7, 2016) ("a defendant's knowledge that harm will be suffered to a plaintiff in the forum state, standing alone, does not constitute sufficient minimum contacts to exercise personal jurisdiction over a defendant"). Thus, the mere fact that Plaintiff is a resident of Colorado does not establish personal jurisdiction over Defendant Bolin who is a Texas resident.

Indeed, as stated by the U.S. Supreme Court in *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 188 L.Ed.2d 12 (2014), "the plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285. Here, Plaintiff Outside Interactive is the only link between Defendant Bolin and Colorado in this case, which is not enough to establish personal jurisdiction.

Plaintiff Outside Interactive further argues that Defendant Bolin "purposely reached out to Outside directly" in an "attempted transaction with Outside, a Colorado company." [ECF 17] at 10. But simply negotiating a contractual relationship with a Colorado entity is not enough. *See Infosnow Corp. v. Zyme Sols.*, No. 12–cv–03255–MSK–MEH, 2013 WL 4052183, at *1, 4 (D. Colo. Aug. 6, 2013) (finding that a contract

8

between resident and non-resident "is insufficient, of itself, to constitute a minimum contact"); *New Frontier Media, Inc. v. Freeman*, 85 P.3d 611, 614 (Colo. App. 2003) (finding that communications from defendants' agent to plaintiff in Colorado during business negotiations was insufficient to establish minimum contacts).

To the extent Plaintiff will rely on the <*outside.com*> website to establish jurisdiction—the mere operation of a website that can be accessed in Colorado is insufficient to establish jurisdiction. *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011) ("a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state"); *Nat'l Football League v. Miller*, No. 99 CIV. 11846 JSM, 2000 WL 335566, at *1 (S.D.N.Y. Mar. 30, 2000) ("one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit"). "Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way *target* the forum state's market." *be2 LLC v. Ivanov*, 642 F.3d 555, 558–59 (7th Cir. 2011) (emphasis in original).

Finally, the cases cited in Plaintiff's Complaint ([ECF 1] at ¶ 5) regarding personal jurisdiction are distinguishable.

In *CrossFit, Inc. v. Jenkins*, 69 F. Supp. 3d 1088, 1094 (D. Colo. 2014), the defendant was a resident of Colorado, and thus subject to general jurisdiction in Colorado. The Colorado defendant also had incorporated his company in Colorado that owned the disputed domain name. Here, none of the defendants are Colorado entities. [ECF 1] at §§ 7–8.

9

In *Your True Nature, Inc. v. JF Show Store*, No. 23-CV-00107-CNS-NRN, 2023 WL 2359234, at *1–*2 (D. Colo. Feb. 14, 2023), the court found personal jurisdiction based on actual sales of accused products to consumers in Colorado through defendant's internet-based e-commerce stores. In the present litigation, however, no such sales to consumers in Colorado are alleged by Plaintiff.

In short, there simply is no personal jurisdiction over Bolin in Colorado.

## V.   CONCLUSION

Defendant Bolin should be dismissed for lack of personal jurisdiction in Colorado.

Date: October 3, 2024

    *s/ James Juo*
James Juo
THOMAS P. HOWARD, LLC
842 W. South Boulder Rd., #100
Louisville, CO 80027
Telephone: (303) 665-9845
jjuo@thowardlaw.com

*Counsel for Defendant Joshua Bolin*