IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02251-RMR

OUTSIDE INTERACTIVE, INC.,

      Plaintiff,

v.

JOSHUA BOLIN et al.,

      Defendants.

**EMERGENCY MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

Pursuant to Federal Rule of Civil Procedure 65, Outside Interactive, Inc. ("Outside") hereby respectfully requests that the temporary restraining order entered by the Court on August 16, 2024 (ECF No. 10) (the "TRO") be extended until the Court enters a decision on Outside's motion for preliminary injunction (*see* ECF No. 2).

The TRO orders defendants Joshua Bolin and Westlake Securities LLC (together "Defendants") to "cease and desist from operating the website at the domain www.outside.com, leaving it an unresolved page" and "that Defendants are prohibited from selling, transferring, or otherwise disposing of the domain www.outside.com" (the "Infringing Domain Name"). ECF No. 10 at 17. The TRO is currently set to expire on October 20, 2024. *See* ECF No. 14. In lieu of appearing for the hearing on the TRO held August 20, 2024 as required, *see id.*, defendant Joshua Bolin instead elected to submit an opposition brief to the motion for preliminary injunction later that day. ECF No. 15. Pursuant to the Court's order, *see* ECF No. 16, Outside

filed its reply on September 6, 2024. ECF No. 17. Outside's motion for preliminary injunction is now fully briefed and the parties await the Court's decision. Defendants have now each moved to dismiss the action on grounds that Outside opposes and will contend have no merit. *See* ECF Nos. 20 and 22. The Court referred the motions to Magistrate Judge Neureiter, who set a hearing on the motions for January 8, 2025. ECF Nos. 24 and 25.

Under Federal Rule of Civil Procedure 65(b)(2), a temporary restraining order may be extended by consent of the adverse party or for good cause. Good cause exists to extend the TRO here. Both Defendants have now appeared and have made substantive filings in this matter. *See* ECF Nos. 15, 20, and 22. Neither has raised any concerns of prejudice or harm that they are currently suffering as a result of the TRO. Nor have they disputed the Court's finding that "Outside has suffered, and will continue to suffer irreparable harm" while "there is little potential harm to Defendants" resulting from the TRO. *See* ECF No. 10 at 12-13. Any website or business operating at the Infringing Domain Name, including for the purported plant-identification services that were added only *after* Outside's counsel wrote to Defendants advising them of their unlawful and infringing acts, *id.* at 5, will only serve to exacerbate this harm to Outside by further confusing consumers. Finally, Defendants do not dispute that there are potential third party buyers of the Infringing Domain Name and Defendants had previously threatened to sell to those buyers. *Id.* at 14. Indeed, Defendants' plan for the Infringing Domain Name had been to offer services that compete with Outside's, in an effort to drive the purchase price as high as possible. *Id.* at 3-4, 7-8. Thus, the reasons the Court entered the TRO remain and good cause exists for the TRO's extension to maintain the current status quo.

For the foregoing reasons, Outside respectfully requests that the Court extend the TRO through the date that it ultimately issues a decision on Outside's motion for preliminary injunction.

### CERTIFICATE OF CONFERENCE PURSUANT TO D.C.COLO.LCivR 7.1

Pursuant to D.C.COLO.LCivR 7.1 and the Court's Civ. Practice Standard 7.1B, undersigned counsel hereby certifies that counsel for Plaintiff emailed Defendants' counsel concerning the relief requested in this Motion via email on October 14, 2024 and requested Defendants' respective positions. Bolin's counsel responded, indicating his intention to oppose, and the parties subsequently conferred regarding the matter but were unable to reach agreement. Counsel for Westlake Securities LLC ("Westlake") and the undersigned separately conferred, during which Westlake's counsel conveyed it intends to oppose to the extent the TRO is based upon claims asserted against Westlake.

DATED:  October 17, 2024              Respectfully submitted,

                                                  By:     */s/ Carolyn Juarez*

                                                  Carolyn Juarez
Neugeboren O'Dowd PC
726 Front St., Ste. 220
Louisville, CO  80027
T: (720) 536-4904
F: (720) 536-4910
carolyn@nodiplaw.com

Eleanor M. Lackman
Andrew Nietes
Mitchell Silberberg & Knupp LLP
437 Madison Ave., 25th Floor
New York, NY  10022
T:  (212) 878-4890
eml@msk.com
afn@msk.com

*ATTORNEYS FOR PLAINTIFF OUTSIDE INTERACTIVE, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October 2024, I electronically filed the foregoing **EMERGENCY MOTION TO EXTEND TEMPORARY RESTRAINING ORDER** with the Clerk of Court using the CM/ECF system.

*/s/ Carolyn Juarez*
Carolyn Juarez
NEUGEBOREN O'DOWD PC
726 Front St., Ste. 220
Louisville, CO  80027
Telephone: (720) 536-4900
Facsimile: (720) 536-4910
E-Mail: carolyn@nodiplaw.com