IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02251-RMR-NRN

OUTSIDE INTERACTIVE, INC.,

    Plaintiff,

v.

JOSHUA BOLIN et al.,

    Defendant.

---

### (~~PROPOSED~~) SCHEDULING ORDER

---

### 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference is scheduled for February 13, 2025.

Counsel for Plaintiff Outside Interactive, Inc. ("Outside"):

> Carolyn Juarez
> Neugeboren O'Dowd PC
> 726 Front St., Ste. 220
> Louisville, CO  80027
> T: (720) 536-4904
> F: (720) 536-4910
> carolyn@nod-law.com
>
> Eleanor M. Lackman
> Andrew Nietes
> Mitchell Silberberg & Knupp LLP
> 437 Madison Ave., 25th Floor
> New York, NY  10022
> T:  (212) 878-4890
> eml@msk.com
> afn@msk.com

1

Counsel for Defendant Joshua Bolin:

James Juo
THOMAS P. HOWARD LLC
842 W.South Boulder Road #100
Louisville, CO 80027
303-665-9845
jjuo@thowardlaw.com

Counsel for Defendant Westlake Securities

Robert Hunger
Goodspeed Merrill
9605 S Kingston Court, Suite 200
Englewood, CO 80112
(720) 512-2007
rhunger@goodspeedmerrill.com

("Westlake" and together with Mr. Bolin "Defendants")

## 2.  STATEMENT OF JURISDICTION

This Court has original jurisdiction over the subject matter of the claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

### a.  Plaintiff

This is a civil action for an injunction, damages, and other appropriate relief arising out of Defendants' cybersquatting, trademark infringement, trademark counterfeiting, and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, relating to Defendants' efforts to use the domain name, outside.com, which misappropriates Outside's intellectual property—including its long-registered OUTSIDE® trademark and family of marks—as a vehicle for ransom. Specifically, Defendants launched a website at outside.com that purported to offer the very same services as

2

Outside, resulting in—by Defendants' own admission—confusion by the public. Indeed, Defendants indicated that both the domain name itself (outside.com; the "Infringing Domain Name") and the content on the website associated with the domain name would result in consumer misdirection, and that the way for Outside to "save" its business was to buy the Infringing Domain Name at an exorbitant price that Defendants assumed (falsely) Outside would pay.

Since 1976, Outside has been the world's leading provider of active lifestyle content, video, events, and services for outdoor enthusiasts and now reaches 80 million consumers across its network of 25 media, digital, and technology platforms. Given how seriously Outside takes protection of its intellectual property, and under a false belief that Outside was a party that previously had anonymously offered Bolin millions of dollars, Defendants believed Outside would pay any price to stop a putative competitor from holding the Infringing Domain Name and the confusion that Defendants intentionally manufactured. Defendants made frequent attempts to force Outside into agreeing to their demands including, for example, placing time deadlines on Outside to accept their offer, or either lose the Infringing Domain Name to a third party-buyer or face Defendants' own plan to use the Infringing Domain Name to directly compete with Outside illegally. Outside was unwilling to bend to their demands—each of which amounts to illegal cybersquatting.

Outside has specifically asserted four counts based on the foregoing: (I) Cybersquatting in Violation of Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)), against Joshua Bolin; (II) Trademark Infringement and Counterfeiting in Violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)), against Joshua Bolin; (III) Unfair Competition and False Designation of Origin in Violation of Section 43(a) of the Lanham

3

Act (15 U.S.C. § 1125(a)), against Joshua Bolin; and (IV) Contributory Trademark Infringement in Violation of Section 32(1) of the Lanham Act, Section 43(a) of the Lanham Act, and Common Law (15 U.S.C. §§ 1114(1) and 1125(a)), against Defendant Westlake Securities, LLC.

### b. Defendants

#### 1. Defendant Bolin

This is a civil action brought by a thin-skinned trademark bully, Outside Interactive, to reverse domain name hijack ("RDNH") the <outside.com> domain name that Defendant Bolin has owned and used for years. Indeed, Defendant Bolin's company owns a federal trademark registration for OUTSIDE.COM (U.S. Trademark Reg. No. 6270864 [ECF 15-5]). The initial OUTSIDE.COM business was focused on horticulture, but later pivoted towards AI-powered search engine services.

The basis for this lawsuit is a business negotiation that Outside Interactive has defamatorily mischaracterized as "a vehicle ransom."

Defendant Bolin previously had been approached by a domain name broker on behalf of an unidentified buyer who offered to purchase the <outside.com> domain name for millions of dollars. Believing the unidentified buyer was Outside Interactive, Defendant Bolin hired Defendant Westlake Securities as his agent to negotiate a sale of the <outside.com> domain name directly with Outside Interactive.

Those negotiations were unsuccessful. But statements by Defendant Bolin during those negotiations about why the <outside.com> domain name would be valuable to Outside Interactive, have been mischaracterized by Outside Interactive as evidence of a ransom scheme. As for what Outside Interactive calls the "exorbitant price" that

Defendant Bolin sought for the domain name, it was consistent with what previously had been offered in an arm's length negotiation for that domain name. Defendant Bolin had a reasonable good faith basis to believe that was the market value of the domain name. This fact was not before the Court when the ex parte TRO was issued.

For the TRO, Outside Interactive also manufactured evidence of alleged trademark infringement by entering "outside.com" into the OUTSIDE.COM search engine. Outside Interactive submitted those search results as evidence of infringement. But nearly identical search results would be obtained by other search engines such as Google and Bing. The alleged evidence of infringement manufactured by Outside Interaction instead merely shows that the OUTSIDE.COM search engine merely returned search results similar to other internet search engines. Again, this fact was not before the Court when the ex parte TRO was issued.

Outside Interactive obtained the temporary restraining order ("TRO") by mischaracterizing those business negotiations and manufacturing evidence of alleged trademark infringement. By stipulation of the parties in view of the pending motions to dismiss ([ECF 20] and [ECF 22]), the Court has extended the TRO until February 20, 2025.

## 2.     Defendant Westlake Securities

Outside claims that Defendant Bolin infringed on its trademarks by operating a website at www.outside.com. Westlake does not own or operate the website, Westlake did not launch the website, Westlake has no control over the website at issue or Defendant Bolin, and Westlake did not cause or induce any alleged infringement of Outside's trademarks. Instead, Westlake simply attempted to sell a domain name for its

5

client. This is a far cry from the showing necessary to prevail on a claim for contributory trademark infringement, which requires Westlake to have intentionally induced the alleged infringement or exercised sufficient control over Mr. Bolin. Accordingly, Outside's claim against Westlake for contributory trademark infringement, even were there an underlying infringement, cannot and should not prevail.

### 4.  UNDISPUTED FACTS

The following facts are undisputed:

1. Outside is identified as the owner of U.S. Registration Nos. 1507125, 2012332, 2025585, 2030603, 2304468, 2539895, 2546325, 2648063, 4672364, 4819937, 5292743, 5396636, 6073889, 6226313, 6850291, 7232896, and 7232897, for OUTSIDE®, OUTSIDE BOOKS®, OUTSIDE FILMS®, OUTSIDE GO®, OUTSIDE ONLINE®, OUTSIDE TELEVISION®, OUTSIDE TV®, OUTSIDE EVENTS®.

2. Mr. Bolin owns the domain name <outside.com>.

3. An individual named David Hill was previously affiliated with Westlake.

4. While Mr. Hill was affiliated with Westlake, Mr. Bolin directed Mr. Hill to make an inquiry to Outside regarding the domain name <outside.com>.

5. Mr. Bolin engaged in discussions with representatives for Outside held in May and July 2024, regarding the domain name <outside.com>.

### 5.  COMPUTATION OF DAMAGES

#### a. Plaintiff

In connection with its cybersquatting claim, Outside seeks to recover (i) all such actual damages and profits attributable to the cybersquatting committed by Bolin with respect to the Infringing Domain Name and those acting in concert with him, in an amount

6

to be proven at trial, trebled, as well as costs and attorney's fees, pursuant to 15 U.S.C. § 1117(a), or (ii) in the alternative, statutory damages pursuant to 15 U.S.C. § 1117(d) of up to $100,000 for each domain name that Bolin has registered, trafficked in, and/or used in violation of 15 U.S.C. § 1125(d).

In connection with its trademark infringement and unfair competition claims, Outside seeks to recover its actual damages and profits attributable to the infringements of the OUTSIDE® Marks by Bolin and those acting in concert with him in an amount to be proven at trial, trebled, as well as costs and attorney's fees, pursuant to 15 U.S.C. § 1117(a), or (ii) in the alternative, statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each trademark that Defendants counterfeited and infringed.

Calculation of the above-referenced actual damages and lost profits may require expert analysis and testimony.

    **b. Defendants**

        **1.    Defendant Bolin**

In view of his pending motion to dismiss, Defendant Bolin has not filed an answer or asserted counterclaims yet. Defendant Bolin reserves the right to seek and calculate damages in this action.

        **2.    Defendant Westlake Securities**

Westlake is not currently seeking affirmative damages, but reserves its right to request attorney fees under 15 U.S.C. § 1117(a).

7

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.  Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on February 5, 2025.

**b.  Names of each participant and party he/she represented.**

Counsel for Plaintiff Outside Interactive, Inc. ("Outside"):

> Carolyn Juarez
> Neugeboren O'Dowd PC
> 726 Front St., Ste. 220
> Louisville, CO  80027
> T: (720) 536-4904
> F: (720) 536-4910
> carolyn@nodiplaw.com
>
> Eleanor M. Lackman
> Andrew Nietes
> Mitchell Silberberg & Knupp LLP
> 437 Madison Ave., 25th Floor
> New York, NY  10022
> T:  (212) 878-4890
> eml@msk.com
> afn@msk.com
>
> James Juo
> THOMAS P. HOWARD LLC
> 842 W.South Boulder Road #100
> Louisville , CO 80027
> 303-665-9845
> jjuo@thowardlaw.com
> Counsel for Defendant Bolin
>
> Robert Hunger
> Goodspeed Merrill
> 9605 S Kingston Court, Suite 200
> Englewood, CO 80112
> (720) 512-2007
> rhunger@goodspeedmerrill.com
> Counsel for Defendant Westlake

8

**c.  Statement of when Rule 26(a)(1) disclosures were made or will be made.**

February 20, 2025

**d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties propose a date not provided in Fed. R. Civ. P. 26(a)(1)(C), namely an exchange date of February 20, 2025, given Outside's pending motion for preliminary injunction and Defendants' pending motions to dismiss.

**e.  Statement concerning any agreements to conduct informal discovery.**

N/A at this time

**f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

To avoid duplicate deposition exhibits, the parties will use a unified exhibit numbering system for depositions.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties believe that the claims and defenses will involve electronically stored information, specifically emails and other electronically stored documents, but do not believe that it will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. The Parties have advised their clients to preserve all electronically stored information. The Parties agree to produce documents in readable electronic form to the extent reasonably practicable to limit associated discovery costs and confer in good faith

9

regarding the same. The Parties agree to give due consideration to the balancing factors in FRCP 26(b)(1) when serving discovery requests or making efforts to resolve discovery disputes without Court intervention.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties have discussed the possibilities for a prompt settlement or resolution of the case, but have not yet exchanged proposals.

### 7.  CONSENT

All parties   ☐ [have]   X  [have not] consented to the exercise of jurisdiction of a magistrate judge.

### 8.  DISCOVERY LIMITATIONS

**a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties propose no modification from Fed. R. Civ. Pr. 30(a)(2)(A)(i) and Fed. R. Civ. Pr. 33(a)(1). Each side shall be limited to 7 depositions, excluding experts. Plaintiff shall be limited to 50 interrogatories, to be allocated as it sees fit, but with no more than 25 directed at a Defendant. Each Defendant shall be limited to 25 interrogatories.

**b.  Limitations which any party proposes on the length of depositions.**

The parties propose no modification from Fed. R. Civ. Pr. 30(d)(1).

**c.  Limitations which any party proposes on the number of requests for production and/or requests for admission.**

~~The Parties propose that a party may serve on any other party no more than 25 requests for production and 25 requests for admission, including all discrete subparts.~~ Plaintiff shall be limited to 50 requests for production, and 50 requests for admission, to be allocated as it sees fit. No more than 25 of each may be directed at a Defendant. Each Defendant shall be limited to 25 requests for production, and 25 requests for

10

20476964.4

admission.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

49 Days prior to the close of fact discovery

**e. Other Planning or Discovery Orders**

The Parties propose none.

### 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

Friday, March 28, 2025 (Note, 45 days after the Scheduling Conference falls on Sunday March 30)

**b.   Discovery Cutoff:**

October 24, 2025

**c. Dispositive Motion Deadline:**

~~November 14, 2025~~ Counsel shall review and follow Judge Rodriguez's practice standards regarding dispositive motions.

**d. Expert Witness Disclosure:**

**1.  The parties shall identify anticipated fields of expert testimony, if any.**

Outside anticipates experts regarding likely consumer confusion and damages, as well as rebuttal experts pertaining to any topics Defendants' experts may raise.

Defendant Bolin presently anticipates rebuttal experts pertaining to any topics Outside Interactive's experts may raise.

Defendant Westlake anticipates disclosing an expert to discuss the lack of confusion amount consumers, and any rebuttal experts.

**2.  Limitations which the parties propose on the use or number of expert witnesses.**

~~Outside proposes no more than 3 experts per side.~~

11

20476964.4

Defendant Bolin proposes the limitation of three experts **per party**.

As Outside's claims against Defendant Bolin are distinct from its claims against Defendant Westlake, Defendant Westlake proposes that each party be limited to three experts.

3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **August 29, 2025**. *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **September 26, 2025**. *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

e. **Identification of Persons to Be Deposed:**

| *Name of Deponent* | *Expected Length of Deposition* |
|---|---|
| By Plaintiff: | |
| Joshua Bolin | 7 hours |
| David Hill | 7 hours |
| Westlake Securities LLC (30(b)(6)) | 7 hours |
| Defendants' experts (if any) | 7 hours each |
| By Defendant Joshua Bolin: | |
| 30(b)(6) deposition of Plaintiff | 7 hours |
| Sam Gorman | 7 hours |
| Adrianne Paulsen | 3 hours |
| Robin Thurston | 6 hours |
| 30(b)(6) deposition of GoDaddy | 2 hours |
| Michael Lefebvre | 2 hours |
| Anonymous Buyer represented by GoDaddy | 5 hours |
| By Defendant Westlake Securities LLC: | |
| Outside's Rule 30(b)(6) deposition | 5 hours |
| Additional outside personnel | 3 hours each |
| Expert witness(es) | 5 hours each |

### 10.  DATES FOR FURTHER CONFERENCES

a.  **Status conferences will be held at the following dates and times:**

[_Magistrate Judge to insert date and time_]

_____, 20\_\_ at \_\_ o'clock \_\_\_\_m.

b.  **A final pretrial conference will be held at the following date and time:**

[_Magistrate Judge to insert date and time_]

_____, 20\_\_ at \_\_ o'clock \_\_\_\_m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

c.  Joint Status Report shall be filed no later than **July 17, 2025,** updating the Court on the status of discovery and if there is anything the parties need to address with the Court.  If there are any outstanding issues, the Court may set a Status Conference.

### 11.  OTHER SCHEDULING MATTERS

a.  **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None other than those identified in Section 9.

b.  **Anticipated length of trial and whether trial is to the court or jury.**

Less than five days before a jury

c.  **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

N/A

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

*[The following paragraphs shall be included in the scheduling order:]*

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at Denver, Colorado, this 13th day of February 2025.

BY THE COURT:

*N. Reid Neureiter*
Hon. N. Reid Neureiter
United States Magistrate Judge

APPROVED AS SUBMITTED ON February 6, 2025:

*s/ Carolyn Juarez*
Carolyn Juarez
Neugeboren O'Dowd PC
726 Front St., Ste. 220
Louisville, CO  80027
T: (720) 536-4904
F: (720) 536-4910
carolyn@nodiplaw.com

Eleanor M. Lackman
Andrew Nietes
Mitchell Silberberg & Knupp LLP
437 Madison Ave., 25th Floor
New York, NY  10022
T:  (212) 878-4890
eml@msk.com
afn@msk.com
**Attorneys for Plaintiff Outside Interactive, Inc.**

*s/     James Juo*
James Juo
THOMAS P. HOWARD LLC
842 W. South Boulder Road #100
Louisville , CO 80027
303-665-9845
jjuo@thowardlaw.com
**Attorney for Defendant Joshua Bolin**

*s/     Robert Hunger*
Robert Hunger
Goodspeed Merrill
9605 S Kingston Court, Suite 200
Englewood, CO 80112
(720) 512-2007
rhunger@goodspeedmerrill.com
**Attorneys for Defendant Westlake Securities, LLC**

20476964.4

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2025, I electronically filed the foregoing **(PROPOSED) SCHEDULING ORDER** with the Clerk of Court using the CM/ECF system.

By: */s/ Carolyn Juarez*
Carolyn Juarez
Neugeboren O'Dowd PC
726 Front St., Ste. 220
Louisville, CO  80027
T: (720) 536-4904
F: (720) 536-4910
carolyn@nod-law.com

16

20476964.4